IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | |
| v. | * | |
| | | Criminal No. RDB 10-0532 |
| ULYSSES S. CURRIE, *et al.*, | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

Defendants Ulysses S. Currie, William J. White and R. Kevin Small (collectively,

"Defendants"), have filed the pending Motion for a Bill of Particulars.  The issues have been

fully briefed and a hearing was held on Tuesday, April 19, 2011.  For the reasons indicated on

the record at the hearing and those set forth below, Defendants' Motion for a Bill of Particulars

(ECF No. 38) is GRANTED as to the names of Defendants' known alleged co-conspirators, but

DENIED in all other respects.

## ANALYSIS

Defendants move under Rule 7(f) of the Federal Rules of Criminal Procedure for a bill of

particulars that indentifies:

> 1. Each and every individual that the government contends are co-conspirators.
>
> 2. Each legislative act which was the subject of, or influenced by, or sought to be influenced by, an unlawful payment to Ulysses Currie. duty which was the subject of, or influenced by, or sought to be influenced by, an unlawful payment to Ulysses Currie.
>
> 3. Each and every official duty which was the subject of, or influenced by, or sought to be influenced by, an unlawful payment to Ulysses Currie.

A bill of particulars is appropriate when an indictment fails to (1) provide adequate information to allow a defendant to understand the charges, and (2) avoid unfair surprise. *See United States v. American Waste Fibers Co.*, 809 F.2d 1044, 1047 (4th Cir. 1987). A bill of particulars is not a discovery device. *United States v. Automated Med. Labs., Inc.*, 770 F.2d 399, 405 (4th Cir. 1985) ("A bill of particulars is not to be used to provide detailed disclosure of the Government's evidence in advance of trial."). Notably, a defendant is not entitled to a bill of particulars as a matter of right. *Wong Tai v. United States*, 273 U.S. 77, 82 (1927). Instead, the decision to grant a bill of particulars rests within the sound discretion of the trial court. *United States v. Walsh*, 194 F.3d 37, 47 (2d Cir. 1999); *United States v. Feola*, 651 F. Supp. 1068, 1132 (S.D.N.Y. 1987).

In this case, the forty-eight page indictment allows Defendants to understand the charges against them and details the Government's evidence in support of those charges. As the United States Court of Appeals for the Second Circuit has explained, a bill of particulars is generally only required where the charges in an indictment are so general that they do not advise the defendant of the specific acts of which he is accused. *United States v. Walsh*, 194 F.3d 37, 47 (2d Cir. 1999). Defendants do not argue that the indictment is vague or overbroad, and there is no doubt as to the specific acts of which Defendants are accused.

The Government has also provided Defendants with extensive discovery that supplements the allegations in the indictment. For example, the Government has allowed Defendants to review approximately thirty-four boxes of hard-copy documents, electronic data on CDs and DVDs, and six boxes of the items seized during a May 28, 2008 execution of search warrants at Shoppers Food Warehouse headquarters and Defendant Currie's residence. In addition, on October 13, 2010, the Government sent the defense a CD containing electronic

copies of many pertinent documents as well as an index identifying the various documents on the CD.

The majority of the information Defendants request is already in the indictment. Defendants' request a list of "each legislative act" that was allegedly influenced by an unlawful payment to Currie, but the indictment includes a thorough description of how Currie allegedly used his "official position and influence" in ways that would benefit his co-defendants and Shoppers. *See* Indictment, Count 1, ¶ 8. This list includes alleged legislative acts Currie took, such as helping to provide money from the state of Maryland to assist Shoppers' with its rent payment and general growth at Mondawmin Mall in Baltimore, helping to get approval for a new point of access to a Shoppers' store via Reisterstown Road in Baltimore and working with Shoppers and government entities to relocate and build a new store in Chillum, Maryland. Indictment, Count 1, ¶ 10.

Defendants also request a list of the alleged official duties Currie violated, yet the indictment lays out in great detail the duties and laws Currie was required to observe as an officer of the State of Maryland but is alleged to have violated. *See* Indictment, Count 1, ¶ 6. For example, the indictment states that Currie owed a duty of honest services, was prohibited from demanding a bribe to influence his official duties, and was prohibited from intentionally using the prestige of his office for his private gain. *Id.*

Finally, Defendants ask for the name of each and every individual the Government contends is a known co-conspirator. The indictment alleges that the conspiracy lasted from late 2002 to May 2008. Defendants White and Small left Shoppers between eighteen to twenty-four months before the alleged end date of the conspiracy. Thus, the conspiracy as alleged continued for almost two years after White and Small terminated their employment at Shoppers. In order

to avoid unfair surprise at trial, and as a matter of fundamental fairness, Defendants have a right to know the names of their alleged co-conspirators. Accordingly, Defendants' motion is granted solely with respect to their request for the names of their known co-conspirators.

CONCLUSION

For the reasons indicated on the record at the April 19, 2011 hearing and the reasons stated above, Defendant's Motion for a Bill of Particulars (ECF No. 38) is GRANTED as to the names of Defendants' known alleged co-conspirators, but DENIED in all other respects. A separate Order follows.

Dated:  April 20, 2011     /s/_____

                    Richard D. Bennett
                    United States District Judge