**U.S. Department of Justice**

*United States Attorney*
*District of Maryland*
*Northern Division*

| | | |
|---|---|---|
| *Rod J. Rosenstein*<br>*United States Attorney*<br><br>*Kathleen O. Gavin*<br>*Assistant United States Attorney* | *36 South Charles Street*<br>*Fourth Floor*<br>*Baltimore, Maryland 21201* | *DIRECT: 410-209-4887*<br>*MAIN: 410-209-4800*<br>*FAX: 410-962-3091*<br>*TTY/TDD: 410-962-4462*<br>*Kathleen.Gavin@usdoj.gov* |

August 30, 2011

The Honorable Richard D. Bennett
United States District Judge
United States Courthouse
101 West Lombard Street
Baltimore, Maryland 21201

    Re:    United States v. Currie, et al.
               Criminal No. RDB-10-0532

Dear Judge Bennett:

      During the telephone conference about the juror questionnaire on August 23, 2011, we raised a concern regarding the possibility that the parties could access various forms of social media, such as Facebook, to research potential jurors before they appear in court on the first day of trial. Pursuant to your Honor's request, we have set forth our concerns in this letter.

      The "essential function of voir dire ... [is] to allow for the impaneling of a fair and impartial jury through questions which permit the intelligent exercise of challenges by counsel." *United States v. Brown*, 799 F.2d 134, 135 (4th Cir. 1986). The trial court has broad discretion when conducting voir dire, including in deciding which questions should be posed to the prospective jurors. *See, e.g., Mu'Min v. Virginia*, 500 U.S. 415, 430 (1991)(Juror "inquiry is conducted under the supervision of the court"), *quoting Connors v. United States*, 158 U.S. 408 (1895); *United States v. Heater*, 63 F.3d 311, 325-26 (4th Cir. 1995). In essence, the trial court serves as the gatekeeper, overseeing and controlling the process whereby each of the parties obtains the same information about the prospective jurors and improper factors are not the subject of inquiry. *See, e.g., United States v. Tipton*, 90 F.3d 861, 870-71 (4th Cir. 1996)(trial court properly limited voir dire regarding racial bias to a single question, because emphasis in process should be on "guilt or innocence of defendant," not on "peripheral factors" such as "the racial identities of litigants or witnesses")(citations omitted).

      With the proliferation of social media and the Internet in general, it is extremely easy to obtain a wide range of information about an individual simply by knowing that person's name. On Facebook, for example, which is searchable by name, many people post photographs of family and friends, list their political views, share their likes and dislikes in all facets of life, and post comments on a myriad of topics.

The Honorable Richard D. Bennett
August 30, 2011
Page 2


      Here, the parties will receive information about the prospective jurors well in advance of the actual voir dire by virtue of the juror questionnaire. The Court has reviewed and ruled upon the questions to be included in that questionnaire. If the parties were permitted to conduct additional research on the prospective jurors by using social media or any other outside sources prior to the in-court voir dire, the Court's supervisory control over the jury selection process would, as a practical matter, be obliterated.

      For these reasons, we respectfully request that the Court order that the copies of the completed questionnaires that will be provided to the parties simply omit the last page of the questionnaires. That last page, which is the only place in the questionnaire where a prospective juror's name will appear, contains no substantive questions. The other pages only identify the respondent by juror number. If the Court were to grant this request, the parties would receive all of the substantive information from the questionnaires and can adequately prepare for the actual voir dire by using the juror numbers.

      Thank you for your consideration of this request.

                                     Respectfully yours,

                                     Rod J. Rosenstein
                                   United States Attorney


                          By:_____/s/_____
                              Kathleen O. Gavin
                              Leo J. Wise
                              Assistant United States Attorneys


cc: Joseph L. Evans, Esquire
    Joshua Treem, Esquire
    Jonathan Zucker, Esquire