IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

UNITED STATES OF AMERICA   *

vs.   *   Criminal No. RDB-10-0532

ULYSSES S. CURRIE, et al.   *

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER

WHEREAS, Defendant William White has served upon SUPERVALU a trial subpoena ("White Subpoena") in the above-captioned action which seeks certain confidential and/or proprietary information (i.e., trade secrets) -- specifically, nonpublic revenue information about SUPERVALU's wholly owned subsidiary, Shoppers Food and Pharmacy, which would be entitled to protection under Maryland's Uniform Trade Secret Act section 11-1201 et seq. and other state or federal privacy laws.

WHEREAS, counsel for the United States of America, Ulysses S. Currie, William J. White, R. Kevin Small, SUPERVALU, INC. and Shoppers Food & Pharmacy are willing to enter into a Stipulated Confidential Agreement and Protective Order (the "Agreement") as a condition of the disclosure of such information;

NOW, THEREFORE, in consideration of the mutual promises, covenants and undertakings contained herein, the United States of America, Ulysses S. Currie, William J. White, R. Kevin Small (hereinafter collectively "Parties"), SUPERVALU, INC. ("SUPERVALU") and Shoppers Food & Pharmacy ("Shoppers"), through their respective attorneys, agree as follows:

  1.   As used in the Agreement, these terms have the following meanings:

    a.   "Attorneys" means counsel of record;

      b.    "Confidential" documents are documents designated pursuant to paragraph 2;

      c.    "Documents" mean hardcopy documents or electronically stored information—including writings, drawings, graphs, charts, photographs, sound recordings, images and other data or data compilations—stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form; and

      d.    "Written Assurance" means an executed document in the form attached as Exhibit A.

2.    SUPERVALU and/or Shoppers may designate any nonpublic confidential and proprietary document (i.e., trade secret) document as "Confidential" which is produced in response to the White or any other subpoena in the above-captioned matter, that either in good faith believes constitutes or contains Confidential information.

3.    All Confidential documents, along with the information contained in the documents, shall be used solely for the purpose of this action, and no person receiving such documents shall, directly or indirectly, transfer, disclose, or communicate in any way the contents of the documents to any person other than those specified in paragraph 4.

4.    Access to any Confidential document shall be limited to:

      a.    the Court and its officers;

      b.    Attorneys of record and their office associates, legal assistants, stenographic, and clerical employees;

      c.      persons shown on the face of the document to have authored or received it;

      d.      court reporters retained to transcribe testimony;

      e.      the Parties to the above-captioned matter and employees of the Parties who have a need for such disclosure in order to conduct this litigation;

      f.      outside independent persons (i.e., persons not currently or formerly employed by, consulting with, or otherwise associated with any Party) who are retained by a Party or its attorneys to furnish technical or expert services, or to provide assistance as mock jurors or focus group members or the like, and/or to give testimony in this action; and

      g.      witnesses at a hearing or trial who have a need to see such "Confidential" materials in order to testify or to prepare for giving testimony;

      h.      any fact finder, including a jury.

5.    If Confidential Material is disclosed to persons described in paragraphs 4(f) above, counsel making the disclosure shall inform those persons of the existence and contents of this Agreement. Counsel shall require each such person described in paragraphs 4(f) to whom Confidential Material is to be disclosed to read this Agreement and acknowledge his or her acceptance of the terms thereof by executing an Acknowledgment in the form attached as Exhibit A. Counsel shall not make any disclosure until the person has read this Agreement and executed the Acknowledgment form. Counsel shall keep the executed Acknowledgment forms in their files, and SUPERVALU and/or Shoppers shall be given copies of those forms upon written request by SUPERVALU and/or Shoppers, except that SUPERVALU and/or Shoppers shall not be entitled to a copy of any such form that discloses information to which the SUPERVALU

and/or Shoppers is not entitled pursuant to the Federal Rules of Criminal Procedure, state or federal law, and/or an order of the Court.

6. If SUPERVALU or Shoppers inadvertently fails to identify documents as "Confidential," they shall have 10 days from the discovery of its oversight to correct its failure. Such failure shall be corrected by providing written notice of the error and substituted copies of the inadvertently produced documents. Any Party receiving such inadvertently unmarked documents shall make reasonable efforts to retrieve documents distributed to persons not entitled to receive documents with the corrected designation.

9. If SUPERVALU or Shoppers inadvertently discloses documents that are privileged or otherwise immune from discovery, SUPERVALU and/or Shoppers shall promptly upon discovery of such inadvertent disclosure, so advise the receiving Party and request that the documents be returned. The receiving Party shall return such inadvertently produced documents, including all copies, within 10 days of receiving such a written request. The Party returning such inadvertently produced documents may thereafter seek re-production of any such documents pursuant to applicable law.

10. If a Party proposes to file a document containing Confidential information with the Court it shall do so in compliance with the rules and procedures applicable for the United States District Court for the District of Maryland for filing materials under seal. Prior to disclosure of materials or information at a trial or a hearing designated "Confidential" the Parties may seek further protections against public disclosure from the Court.

11. Any Party may request a change in the designation of any information designated "Confidential." Any such document shall be treated as "Confidential" until the change is completed. If the requested change in designation is not agreed to, the Party seeking the change

4

may move the Court for appropriate relief, providing notice to any third party whose designation of documents as "Confidential" may be affected. The Party asserting that the material is Confidential shall have the burden of proving that the challenged information satisfies the requirements for such a designation.

12. Within 60 days of the termination of this action, including any appeals, Defendants shall either destroy or return to the producing Party, at the producing Party's election, all documents designated by SUPERVALU and/or Shoppers as "Confidential" and all copies of such documents, and shall destroy all extracts and/or data taken from such documents. Defendants shall provide a certification as to such return or destruction within the 60-day period. Attorneys shall be entitled to retain, however, a set of all documents filed with the Court and all correspondence generated in connection with the action.

13. Any Party or SUPERVALU and/or Shoppers may apply to the Court for a modification of the Agreement, and nothing in the Agreement shall be construed to prevent a Party from seeking further provisions enhancing or limiting confidentiality as may be appropriate.

14. No action taken in accordance with the Agreement shall be construed as a waiver of any claim or defense in the action or of any position as to discoverability or admissibility of evidence.

15. The obligations imposed by the Agreement shall survive the termination of this action. Sixty days following the expiration of the last period for appeal from any order issued in connection with this action, the Clerk of Court shall either destroy all "Confidential" materials or return to counsel all "Confidential" materials.

Dated: 09/14/ , 2011               BRENNAN, SULLIVAN AND MCKENNA, LLP

                                   By _____
                                   William C. Brennan, Jr. (Md. Bar No. 00465)
                                   6305 Ivy Lane, Suite 700
                                   Greenbelt, Maryland 20770


                                   Edward B. Magarian (#0208796)
                                   Suite 1500, 50 South Sixth Street
                                   Minneapolis, MN 55402-1498
                                   (612) 340-7873 (telephone number)
                                   (612) 340-2807 (facsimile number)
                                   magarian.edward@dorsey.com

                                   *Attorneys for SUPERVALU INC. and Shoppers Food & Pharmacy*


Dated: _____, 2011       OFFICE OF THE UNITED STATES ATTORNEY


                                   By _____
                                   Kathleen O Connell Gavin
                                   Leo Joseph Wise
                                   36 S Charles St Fourth Fl
                                   Baltimore, MD 21201
                                   kathleen.gavin@usdoj.gov
                                   Leo.Wise@usdoj.gov

                                   *Attorneys for United States of America*

Dated: _____, 2011    BRENNAN, SULLIVAN AND MCKENNA, LLP

By _____
William C. Brennan, Jr. (Md. Bar No. 00465)
6305 Ivy Lane, Suite 700
Greenbelt, Maryland 20770


Edward B. Magarian (#0208796)
Suite 1500, 50 South Sixth Street
Minneapolis, MN 55402-1498
(612) 340-7873 (telephone number)
(612) 340-2807 (facsimile number)
magarian.edward@dorsey.com

*Attorneys for SUPERVALU INC. and Shoppers Food & Pharmacy*

Dated: 9/8, 2011    OFFICE OF THE UNITED STATES ATTORNEY

By _____
Kathleen O. Connell Gavin
Leo Joseph Wise
36 S Charles St Fourth Fl
Baltimore, MD 21201
kathleen.gavin@usdoj.gov
Leo.Wise@usdoj.gov

*Attorneys for United States of America*

Dated: _Sept. 12_, 2011      SCHULMAN TREEM KAMINKOW AND
                             GILDEN PA

                             By _/s/ Joshua R Treem_____
                             Joshua R Treem
                             401 E Pratt St Ste 1800
                             Baltimore, MD 21202
                             jtreem@schulmantreem.com

                             *Attorneys for William J. White*


Dated: _____, 2011  LAW OFFICE OF JONATHAN ZUCKER


                             By _____
                             Jonathan Seth Zucker
                             1350 Connecticut Ave NW Ste 202
                             Washington, DC 20036
                             jonathanzucker@aol.com

                             *Attorneys for R. Kevin Small*


Dated: _____, 2011  OFFICE OF THE FEDERAL PUBLIC DEFENDER


                             By _____
                             Joseph Lee Evans
                             Lucius Turner Outlaw III
                             Susan Hensler
                             100 S Charles St Tower II Ninth Fl
                             Baltimore, MD 21201
                             joseph_evans@fd.org
                             lucius_outlaw@fd.org
                             susie_hensler@fd.org

                             *Attorneys for Ulysses S. Currie*

7

Dated: _____, 2011     SCHULMAN TREEM KAMINKOW AND
                                 GILDEN PA

                                 By _____
                                 Joshua R Treem
                                 401 E Pratt St Ste 1800
                                 Baltimore, MD 21202
                                 jtreem@schulmantreem.com

                                 *Attorneys for William J. White*


Dated: _____, 2011     LAW OFFICE OF JONATHAN ZUCKER

                                 By /s/ Jonathan Seth Zucker
                                 Jonathan Seth Zucker
                                 1350 Connecticut Ave NW Ste 202
                                 Washington, DC 20036
                                 jonathanzucker@aol.com

                                 *Attorneys for R. Kevin Small*


Dated: _____, 2011     OFFICE OF THE FEDERAL PUBLIC DEFENDER

                                 By _____
                                 Joseph Lee Evans
                                 Lucius Turner Outlaw III
                                 Susan Hensler
                                 100 S Charles St Tower II Ninth Fl
                                 Baltimore, MD 21201
                                 joseph_evans@fd.org
                                 lucius_outlaw@fd.org
                                 susie_hensler@fd.org

                                 *Attorneys for Ulysses S. Currie*

Dated: _____, 2011          SCHULMAN TREEM KAMINKOW AND
                                    GILDEN PA


                                    By _____
                                    Joshua R Treem
                                    401 E Pratt St Ste 1800
                                    Baltimore, MD 21202
                                    jtreem@schulmantreem.com

                                    *Attorneys for William J. White*


Dated: _____, 2011          LAW OFFICE OF JONATHAN ZUCKER


                                    By _____
                                    Jonathan Seth Zucker
                                    1350 Connecticut Ave NW Ste 202
                                    Washington, DC 20036
                                    jonathanzucker@aol.com

                                    *Attorneys for R. Kevin Small*


Dated: 9/14/11, 2011               OFFICE OF THE FEDERAL PUBLIC DEFENDER


                                    By _____
                                    Joseph Lee Evans
                                    Lucius Turner Outlaw III
                                    Susan Hensler
                                    100 S Charles St Tower II Ninth Fl
                                    Baltimore, MD 21201
                                    joseph_evans@fd.org
                                    lucius_outlaw@fd.org
                                    susie_hensler@fd.org

                                    *Attorneys for Ulysses S. Currie*

## EXHIBIT A

## ACKNOWLEDGMENT

I have read, understand, and agree to be bound by the terms set forth in the Stipulated Confidentiality Agreement and Protective Order made as of August __, 2011, among the United States of America, Ulysses S. Currie, William J. White, R. Kevin Small, SUPERVALU, INC. and Shoppers Food & Pharmacy.


Dated: _____    _____
                                  (Signature)


                                  _____
                                  (Printed Name)


                                  _____
                                  _____
                                  _____

## ORDER

Based upon the foregoing stipulation between the United States of America, Ulysses S. Currie, William J. White, R. Kevin Small, SUPERVALU, INC. and Shoppers Food & Pharmacy, IT IS HEREBY ORDERED that the Clerk of Court shall enter and effect the terms of this Stipulated Confidentiality Agreement and Protective Order accordingly.

Dated: SEPTEMBER 15, 2011

_____Rll D. Bentt_____
Judge